Backer *v.* Van Fleit.

Execution set aside.

EXECUTORS OF BACKER, appellants, v. EXECUTORS OF VAN FLEIT, appellees.

A justice of the peace has a right to amend his docket according to the truth of the fact after the rendition of his judgment.

The executors of Backer, the defendants below, had appealed to the Common Pleas of Hunterdon, from a judgment obtained against them by the executors of Van Fleit, the plaintiffs below, before justice Rockafellar. That by the justice's transcript sent up to the Common Pleas, it appeared that on the 29th day of July, 1831, to which the cause stood adjourned, the parties appeared before the justice, went into trial, examined their witnesses ; and that " *after hearing the testimony of witnesses and allegations of parties, he gave judgment against the defendants* for 28 dollars 80 cents debt, with 2 dollars 20 cents cost; that on the 16th August, 1831, the defendants tendered to the justice an appeal bond, which was accepted ; (the 'August term of the Common Pleas having intervened between the day of trial and the tender of the appeal bond.) The common Pleas in October term, 1831, granted a rule on the justice to amend, in answer to which he certified, " That the trial was had on the 29th July, 1831 ; that *after hearing the evidence and allegations of the parties, he took two weeks to give his judgment, and on the 12th of August, gave judgment against the defendants,* and on the said 12th of August, one of the defendants appeared before him, and he told him how the judgment was," which he had omitted to " enter by mistake, but had now entered it in his docket, and altered his judgment to the 12th of August; that the plaintiffs did not appear before him on that day ; on the

trial of the appeal in March, 1832, the Common Pleas dismis-- sed the appeal; 1st, because the justice below had *altered and amended his docket* since the rendition of the judgment; and 2d, because by the justice's certificate, *it did not appear that the ap- pellants or either of them were present at the rendition of the judg- ment*, to which decision of the Common Pleas the appellants excepted, and a state of the case was made, by which it was agreed to submit the case to this court for their opinion, and that if the Common Pleas had erred in dismissing the appeal, the same should be reinstated; upon which,

*Saxton*, for the appellants, now moved for a mandamus, or an order of this court, directing the Court of Common Pleas to reinstate the appeal, and insisted, that the Common Pleas had erred upon both the grounds assigned for dismissing the appeal.

By the Court. We see no objection to the amendment of the docket, according to the truth of the fact. As to the presence of the defendant at the time of the rendition of the judgment, the certificate of the justice is equivocal, but as the plaintiff did not appear on that day, and as the adjournment was to the 12th of August, generally, without specifying any hour, and as one of the defendants did appear before the justice and the judgment was, on that day, communicated to him, we think the docket as amended, may, with a liberal construction, be understood to show that the defendant was present at the rendition of the judgment, and that the Court of Common Pleas erred in dis- missing the appeal.—Take a mandamus, or a rule on the Court of Common Pleas to reinstate the appeal.